UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ROBERT SAVOY, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| vs. | ) |
| | ) Jury Trial Demanded |
| ALYNEVYCH, INC. and | ) |
| MEHMOOD ULLAH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Robert Savoy, by and through the undersigned counsel and for his causes of action against Defendants Alynevych, Inc. and Mehmood Ullah, alleges as follows on information and belief:

### JURISDICTION AND VENUE

1. Plaintiff is a resident citizen of the State of Louisiana.

2. Defendant Alynevych, Inc. ("Alynevych") is an Illinois corporation with its principal place of business located in Dubuque, Iowa. Alynevych is full truck load carrier servicing 48 states. Alynevych may be served through its registered agent, Ulyana Alynevych, at 2728 Asbury Road, Suite 320, Dubuque, Iowa 52001.

3. Defendant Mehmood Ullah ("Ullah") is (i) a resident citizen of the State of Texas, (ii) a non-citizen admitted for permanent residence in the U.S. and domiciled in the State of Texas, or (iii) a citizen of a foreign state (and not a citizen of the U.S.) not admitted for permanent residence in the U.S. and domiciled in Texas. Ullah may be served with process at

his address which is 6301 Ranchester Drive, Apartment 118, Houston, Texas 77036. At all material times to this action, Ullah acted as an agent, employee, alter ego, and/or joint venture partner of Alynevych pursuant to the U.S. Department of Transportation Federal Motor Carrier authority.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332(a)(1-3) because the matter in controversy exceeds $75,000 and (i) is between citizens of different states, (2) between citizens of a state and a citizen or subject of a foreign state who is lawfully admitted for permanent residence in the United States but is not domiciled in the same state as the other parties in the case, or (iii) between citizens of different states and subjects of a foreign state are additional parties.

5. Venue is proper in this Court because the events giving rise to the claims for relief occurred, in substantial part, in Dickson County, Tennessee which is located within the Middle District of Tennessee.

## FACTS

6. On Tuesday, February 2, 2021, at approximately 11:00 p.m., Ullah was driving an 18-wheeler truck owned and operated by Alynevych. At the time, Ullah was employed by and/or contracted with Alynevych for Ullah to drive the 18-wheeler. At the time of this accident, Ullah had prior a record of driving law violations which were known to Alynevych at the time. Consequently, Alynevych negligently entrusted the vehicle to Ullah.

7. Ullah was driving into a Love's Travel Stop located at 2971 Highway 48 South, Dickson, Tennessee. At that time, Plaintiff was in his own 18-wheeler truck at the same Love's Travel Stop.

8. The truck Ullah was driving struck Plaintiff's truck which was parked at the time. Plaintiff was sleeping in the berth in his truck at the time of the accident. At the time, Ullah was driving too fast, did not watch where his vehicle was going, and/or otherwise was not operating the truck in a reasonable and prudent manner.

9. At the time, Plaintiff was acting in a reasonable and prudent manner. Plaintiff was parked in an appropriate location in a designated parking spot/area. Plaintiff did nothing to contribute to the accident.

10. Plaintiff has suffered injuries and damages as a direct and proximate result of the negligent, reckless, and unlawful conduct of the Defendants.

## COUNT ONE

## Negligence of Defendant Ullah

11. The allegations of Paragraphs 1-10 of this Complaint are incorporated by reference as if fully set forth herein.

12. Ullah owed Plaintiff a duty to operate his vehicle with reasonable care and to abide by the rules of the road. Ullah was negligent, grossly negligent, and/or reckless while operating his vehicle by causing his 18-wheeler to strike Plaintiff's parked 18-wheeler while Plaintiff's vehicle was properly parked. Ullah was driving at an excessive amount of speed, failed to keep a proper lookout, failed to maintain his vehicle under reasonable control, and failed to exercise due care in the operation of his vehicle.

13. As a direct and proximate result of Ullah's actions Plaintiff suffered damages including personal injury, pain and suffering, and economic damages.

## COUNT TWO

### *Respondeat Superior* and Negligent Entrustment of Defendant Alynevych

14. The allegations of Paragraphs 1-13 of this Complaint are incorporated by reference as if fully set forth herein.

15. At the time of the crash, Ullah was operating the vehicle he was driving within the course and scope of his employment as an agent, apparent agent, or as a joint venture partner of Alynevych. Ullah was operating the vehicle with the authority, consent, knowledge, and under the Department of Transportation operating authority of Alynevych. Ullah was operating the vehicle for Alynevych's use and benefit.

16. Alynevych is liable to Plaintiff under the doctrine of *respondeat superior* for the negligent acts of Ullah and for the damages asserted herein.

17. Alynevych also negligently and recklessly entrusted to Ullah the vehicle Ullah was driving when he struck Plaintiff's vehicle. At the time of this accident, Ullah already had a record of driving law violations. Alynevych knew of these violations and entrusted Ullah with the vehicle regardless.

18. As a direct and proximate result of Alynevych actions Plaintiff suffered damages including personal injury, pain and suffering, and economic damages. Alynevych is directly liable under negligent entrustment of the vehicle and liable under the doctrine of *respondeat superior*.

## COUNT THREE

### Negligence *Per Se* of Defendants

19. The allegations of Paragraphs 1-18 of this Complaint are incorporated by reference as if fully set forth herein.

20. At all times relevant to the allegations of this Complaint and when he caused the accident at issue, Ullah was driving and operating a commercial motor vehicle in interstate commerce pursuant to the U.S. Department of Transportation operating authority of Alynevych. Defendants and their officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles like the truck Ullah was driving at the time of the accident, or for the hiring, supervision, training, assignment, or dispatching of drivers, were required to be instructed regarding, and to comply with, the Federal Motor Carrier Safety Regulations ("FMCSR") as prescribed by the U.S. Department of Transportation Federal Motor Carrier Safety Administration and set forth in Title 49 of the Code of Federal Regulations.

21. Tennessee, where the accident happened, has adopted the FMCSR by reference pursuant to T.C.A. § 65-15-101 *et seq.* and/or other applicable law. The FMCSR, and the Kentucky and Tennessee statutes and/or regulations adopting the FMCSR by reference, set minimum standards for the safe operation of commercial motor vehicles.

22. Plaintiff was a member of the class of person intended to be protected and kept safe by the FMCSR.

23. Defendants, their agents, representatives, and employees, violated the FMCSR in the following particulars, among others, (i) violation of Part 365, regarding operating authority, (ii) violation of Part 390.11, which requires observance of driver regulations, and (iii) violation of Part 392, regarding the driving of commercial motor vehicles.

24. Defendants' violations of the FMCSR constituted negligence *per se* and were a substantial factor in causing or permitting the unsafe operation of the commercial motor vehicle by a reckless, untrained, and unsupervised driver, resulting in Plaintiff's injuries and damages.

## INJURY AND DAMGES TO PLAINTIFF

25. The allegations of Paragraphs 1-24 of this Complaint are incorporated by reference as if fully set forth herein.

26. As a direct and proximate result of the acts or omissions of Defendants as set forth above, Plaintiff suffered various damages, including, but not limited to, mental anguish, pain and suffering, loss of earning capacity, future economic damages, medical expenses, and physical injuries.

27. The injuries and damages suffered by Plaintiffs are a direct and proximate result of the crash caused by Defendants.

## JURY DEMAND

Plaintiff hereby demand a jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands the following:

A. That proper process be issued and served upon Defendants, and that they be required to appear and answer this Complaint within the time prescribed by law.

B. That judgment be entered in favor of Plaintiff and against Defendants for compensatory damages in the amount of $5 million dollars ($5,000,000) or an amount to be determined at trial sufficient to compensate Plaintiff for all damages as provided at law;

C. That the Court empanel a jury to hear this cause; and

D. That Plaintiff be awarded such additional and/or alternative relief as justice may require, and that the costs of this cause, including discretionary costs, be assessed against the Defendants.

Dated: January 27, 2022.

Respectfully submitted,

*Charles Barrett*

Charles Barrett
NEAL & HARWELL, PLC

6

<div style="text-align: right">
1201 Demonbreun St.<br>
Suite 1000<br>
Nashville, TN 37203<br>
(615) 238-3647 (direct)<br>
cbarrett@nealharwell.com
</div>

7

Case 3:22-cv-00058   Document 1   Filed 01/27/22   Page 7 of 7 PageID #: 7